CHAD A. READLER
Acting Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
KATHERINE E.M. GOETTEL
Senior Litigation Counsel
VICTOR M. MERCADO-SANTANA (Pa. 312116)
Trial Attorney
Office of Immigration Litigation
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 305-7001
Facsimile:  (202) 616 -8962
E-mail:  victor.m.mercado-santana@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Adnan Khurshidullah MEHMOOD, <br><br>           Plaintiff, <br><br>           v. <br><br>John A. KELLY, Secretary of Homeland Security; <br>Lori SCIALABBA, Acting Director, United States Citizenship and Immigration Services;[1] <br>Andrew LAMBRECHT, Field Office Director, Denver Field Office, USCIS <br><br>           Defendants. | Case No: 2:16-cv-1561-JAD-CWH <br><br> ORDER GRANTING <br>**JOINT MOTION TO DISMISS AND REMAND** <br><br> ECF No. 15 |

   The parties, by and through undersigned counsel, hereby move to dismiss the complaint and remand the case to United States Citizenship and Immigration Services ("USCIS") for adjudication of Plaintiff Adnan Mehmood's ("Mehmood") application for naturalization.  In support of this motion, the parties state as follows:

---
[1] On January 20, 2017, Lori Scialabba became Acting Director of U.S. Citizenship and Immigration Services, and John A. Kelly was sworn in as Secretary of Homeland Security, automatically substituting for Leon Rodriguez, former Director of USCIS and Jeh Johnson, former Secretary of Homeland Security, respectively, in accordance with Federal Rule of Civil Procedure 25(d).

1

1.  This is a petition for *de novo* review of Mehmood's application for naturalization as a United States Citizen under 8 U.S.C. § 1421(c).  In his petition, Mehmood contends that he meets all the requirements for naturalization as a United States citizen.  *See generally* ECF No. 1.  On September 23, 2016, Defendants filed their answer.  ECF No. 8.

2.  On November 8, 2016, the Court entered the Discovery Plan.  In it, the Court ordered that discovery be completed by March 22, 2017.  ECF No. 13.  During the discovery period, the parties conducted discovery into issues related to Mehmood's eligibility for naturalization.

3.  The parties, after reviewing the evidence uncovered during discovery, believe that there are currently no known impediments to Mehmood's naturalization as a United States citizen.  Therefore, the parties believe that the case should be remanded to USCIS for adjudication of Mehmood's application for naturalization.

4.  The parties believe that a remand would facilitate a prompt, efficient, and economic resolution of this matter without the need of further involvement by the Court.  Under Ninth Circuit law, this Court has exclusive jurisdiction over an application for naturalization after a complaint seeking judicial review of an application for naturalization under 8 U.S.C. § 1421(c) has been filed.  *See United States v. Hovsepian*, 359 F.3d 1144, 1159-60 (9th Cir. 2004).  Therefore, a remand is necessary so that USCIS regains its authority to adjudicate Mehmood's application for naturalization.

5.  The Supreme Court cautioned that "[g]enerally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."  *INS v. Ventura*, 537 U.S. 12, 16-17 (2002).  "This principle has obvious importance in the immigration context . . . .  The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides."  *Id.*

6.  Mehmood must establish that he meets all the requirements for naturalization from five years prior to filing the application for naturalization up to the moment that he takes the naturalization oath.  8 U.S.C. § 1427(a)(1), (3); 8 C.F.R. § 316.10(a)(1).  Consequently, the

parties understand that upon remand, USCIS may inquire into whether there are any new facts that may render Mehmood ineligible for naturalization, and USCIS may request Mehmood to appear for a naturalization interview. USCIS may also require Mehmood to submit new biometrics.

7. The parties further agree that, in the event that USCIS were to deny Mehmood's application for naturalization, Mehmood may request this Court to reinstate his complaint.

8. Each party shall bear their own costs and fees.

For the foregoing reasons, the parties request that this Court dismiss this matter and remand to USCIS for further proceedings in accordance with this joint motion.

Respectfully submitted this March 20, 2017.

*For Plaintiff:*

/s/ Charles W. Bennion (with consent)
CHARLES W. BENNION
Ellsworth and Bennion
777 N. Rainbow Blvd. Suite 270
Las Vegas, NV 89107
Telephone:  702-830-0833
Email:  charles@silverstatelaw.com

*For Defendants:*

CHAD A. READLER
Acting Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

KATHERINE E.M. GOETTEL
Senior Litigation Counsel

/s/ Victor M. Mercado-Santana
VICTOR M. MERCADO-SANTANA
Trial Attorney
Office of Immigration Litigation
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 305-7001
Facsimile:  (202) 616 -8962
E-mail:  victor.m.mercado-santana@usdoj.gov

**ORDER**

Based on the parties' joint request [15] and good cause appearing, IT IS HEREBY ORDERED that the motion to dismiss [15] is GRANTED; this matter is dismissed and remanded to the United States Citizenship and Immigration Services for adjudication of his application for naturalization.

_____
Jennifer Dorsey, U.S. District Judge
March 27, 2017

3